IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
JAMES N. CARROLL,              }
                               }
     Plaintiff,                }
                               }     CIVIL ACTION NO.
v.                             }
                               }     2:15-cv-2255-WMA
FIRST FINANCIAL BANK and       }
COMMONWEALTH LAND TITLE        }
INSURANCE CO.,                 }
                               }
     Defendants.               }
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff James N. Carroll initiated this action on December 11, 2015. His complaint names JBJ Construction, LLC, as an additional plaintiff and Commonwealth Land Title Company as a defendant. He also moved for leave to proceed with this action *in forma pauperis*. (Doc. 2). That motion is GRANTED. Carroll has since filed various documents with the court, one of which is styled as an amended complaint. That document no longer lists JBJ Construction, LLC, as a plaintiff and names First Financial Bank and Commonwealth Land Title Insurance Company as defendants. (Doc. 7). Given that Carroll is permitted to amend his complaint under Fed. R. Civ. P. 15(a)(1) once as a matter of course prior to service, the court deems the amended complaint to be operative.

The amended complaint, however, is deficient in several respects. Most notably, Carroll fails to allege any basis for the court to exercise subject matter jurisdiction over the action.

1

"Regardless of whether a plaintiff is represented by a veteran attorney or, as in this civil case, proceeds pro se, a court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." *Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994). "Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001).

For the court to possess subject matter jurisdiction over the case, the plaintiff must allege the presence of a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. In this case, Carroll complains of fraudulent conduct by the defendants. Fraud, however, is generally a state-law claim and does not present a federal question as pled by Carroll. Neither has Carroll alleged the facts necessary to demonstrate diversity of citizenship. "Diversity jurisdiction requires complete diversity [of citizenship]; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). An individual is a citizen in the state in which he is domiciled. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). A corporation is a citizen in the state of its incorporation and the state in which its principal place of business is located. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d

1020, 1021 n.1 (11th Cir. 2004). A plaintiff relying on diversity to establish jurisdiction must allege the citizenship of each party, *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013), but Carroll has not done so. Because of this failure, the court is unable to undertake its required inquiry into its jurisdiction.

Additionally, Carroll's fraud claim is deficient as currently pled. First, Carroll has not pled the required elements of fraud and has not pled his claim with the specificity required by Fed. R. Civ. P. 9(b). Under Alabama law, the elements of fraud are "(1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *Exxon Mobil Corp. v. Ala. Dep't of Conservation & Natural Res.*, 986 So. 2d 1093, 1114 (Ala. 2007) (emphasis and internal quotations omitted). Under Fed. R. Civ. P. 9(b), a plaintiff asserting a claim for fraud must "state with particularity the circumstances constituting fraud or mistake."  The Eleventh Circuit has held:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omission, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir.

2007) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).

Carroll's complaint fails to meet this standard. While his submissions mention a potentially altered legal description of the land in question, he does not allege how any of the elements of fraud apart from a false representation are present and he does not do so with the specificity required by Rule 9. His conclusory descriptions of defendants' conduct as a "fraudulent mess" and other generalized accusations of fraud are plainly insufficient. As currently pled, then, Carroll's fraud claim is subject to dismissal.

In addition to failing to state a claim for fraud, any such claim appears to be time-barred. Under Alabama law, fraud claims are subject to a two-year statute of limitations. Ala. Code § 6-2-38(l). Here, Carroll's allegations relate back to a 2003 purchase of real property that occurred at least twelve years before the he filed the instant complaint.

In his various submissions, Carroll alleges that he discovered documents in December 2015 that demonstrate defendants' fraud. This may be an attempt to invoke the savings clause of Ala. Code § 6-2-3, which provides: "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud . . . ." The savings

clause "supplies an objective test, tolling the statute of limitations on a fraud claim until the aggrieved party discovers or, in the exercise of reasonable care, should have discovered, the facts constituting the fraud." *Potter v. First Real Estate Co.*, 844 So. 2d 540, 545 (Ala. 2002). A party invoking the savings clause has the burden of demonstrating its application. *Chambless-Killingsworth and Assocs., P.C. v. Osmose Wood Preserving, Inc.*, 695 So. 2d 25, 27 (Ala. Civ. App. 1996).

Carroll's complaint fails to meet his burden in demonstrating that the savings clause applies. He only describes his December 2015 discovery in general terms and does not allege why this discovery could not or should not have been made sooner, given the extensive history of litigation concerning the subject property.

While outright dismissal of the action may be warranted, the court will provide Carroll with an opportunity to amend his complaint. Accordingly, Carroll is ORDERED to file a final amended complaint, by **February 24, 2016,** that (1) demonstrates the subject matter jurisdiction of the court and (2) cures the above-described deficiencies of the fraud claim. Carroll must clearly identify all parties named as plaintiff and defendant and must allege the citizenship of each entity. The amended complaint should not refer back to any of Carroll's previous filings and should contain all the claims he is asserting. In other words, the amended complaint must be completely self-contained; any claims or allegations not

included in the amended complaint will not be considered. If Carroll attaches documents to the amended complaint, he must explain their significance or why he contends they support his claims. The first page of the amended complaint must be entitled "FINAL AMENDED COMPLAINT" and must include the case number "2:15-cv-2255-WMA."

Failure to file an amended complaint within the deadline will result in the action being dismissed for want of subject matter jurisdiction. If the amended complaint properly invokes the court's jurisdiction, the court will then review the complaint under 28 U.S.C. § 1915(e)(2)(B).

DONE this 10th day of February, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE